UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| COLBY DRANOEL LEONARD #536844, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00369 SEC P |
| VERSUS | JUDGE DRELL |
| JAMES LEBLANC ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 9) filed by pro se Plaintiff Colby Dranoel Leonard ("Leonard"). Leonard is an inmate in the custody of the Louisiana Department of Corrections ("DOC") incarcerated at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel Louisiana. He names as Defendants DOC Secretary James LeBlanc, Winn Parish Sheriff Cranford Jordan, Warden Keith Deville, and Education Director David Yount. Leonard alleges that Defendants violated his constitutional rights by failing to provide adequate access to educational programs. ECF No. 9.

Because Leonard fails to allege the violation of a constitutional right, his Complaint (ECF No. 9) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Leonard alleges that Defendants LeBlanc and Jordan are "public entities" who "agreed in a concerted action with joint tenancy that violates the compact clause in

Sept. 2015." ECF No. 9 at 3.  Leonard states that Defendants Deville and Yount were respondents to administrative grievances he filed in 2017.  *Id.*  He alleges that Defendants' behaviors "hindered Mr. Leonard from establishing good character, behavior, education and vocational skills preventing him from serving as a benefit to the Public."  *Id.*

According to the exhibits, Leonard filed administrative grievances in 2014 while incarcerated at Allen Correctional Center and 2017 while incarcerated at Winn Correctional Center ("WCC"), complaining that he was deprived of educational programs and free college courses.  In response to the WCC grievance, Leonard was advised that WCC only offers a GED program and classes through Ashland University.  ECF No. 9-1 at 6.  Leonard already had a GED and did not qualify for federal funds to pay for college classes.  *Id.*  Leonard was advised that he could pay for the college classes on his own if he wished to enroll.  *Id.*

Leonard asks that the Court order a change in policy regarding the availability of educational programs for prisoners and order Defendants to pay his college tuition if his sentence is vacated on appeal.  ECF No. 9 at 4.

II.   **Law and Analysis**

   A.   **Leonard's Complaint is subject to preliminary screening.**

Leonard is an inmate who has been allowed to proceed *in forma pauperis*.  ECF No. 11.  As a prisoner seeking redress from an officer or employee of a governmental entity, Leonard's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*).

Because he is proceeding *in forma pauperis*, Leonard's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Leonard does not have a constitutional right to educational programs.

Neither the Due Process Clause, nor any other provision of the Constitution, affords prisoners a constitutional right to educational programs. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988); *Moody v. Doggett*, 429 U.S. 78, 88 n. 9 (1976) (Prisoner classification and eligibility for rehabilitation programs are not subject to "due process" protections). Therefore, "a state has no constitutional obligation to provide basic educational or vocational training to prisoners." *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (citing *Newman v. Alabama*, 559 F.2d 283, 292 (5th Cir.

3

1977), *rev'd in part on other grounds sub nom. Alabama v. Pugh*, 438 U.S. 781 (1978)); *accord Miles v. Windham Foti*, 51 F.3d 1045, 1995 WL 153425, at *2 (5th Cir. 1995)); *Oladipupo v. Austin*, 104 F. Supp. 2d 626, 638 (W.D. La. 2000) (inmates have no constitutional right to participate in educational, rehabilitative, or vocational programs). "Prisons are not educational institutions; there is no federal constitutional right to participate in a prison educational program." *Burnette v. Phelps*, 621 F. Supp. 1157, 1159 (M.D. La. 1985) (quoting *Newman*, 559 F.2d at 292); *see also Monterroso Navas v. JPCC/Correct Health*, 18-CV-6846, 2019 WL 2397221, at *16 (E.D. La. 2019), *report and recommendation adopted*, 2019 WL 2395541 (E.D. La. 2019).

Leonard has no liberty interest in participating in any higher education program while incarcerated. Therefore, Leonard's allegations that Defendants have failed to provide him with free college courses or other educational programs do not present a viable constitutional claim.

## III. Conclusion

Because Leonard fails to allege the violation of a constitutional right, IT IS RECOMMENDED that his Complaint (ECF No. 9) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, March 8, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE